IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER RICE, ID # 07079333, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:08-CV-0152-L (BH) |
| | ) | ECF |
| LUPE VALDEZ, et al., | ) | Referred to U.S. Magistrate Judge |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I.**

On January 31, 2008, the Court received the instant pro se civil action filed pursuant to 42 U.S.C. § 1983 against Lupe Valdez and other individuals connected to the Dallas County Jail. The commencement of this action follows a September 11, 2007 dismissal of Plaintiff's prior § 1983 action against the same defendants in Cause No. 3:05-CV-1048-R. That case that had progressed to the point where the District Judge had entered an abbreviated scheduling order setting the case on the Court's November 2007 trial docket. Because Plaintiff's copy of that scheduling order and another contemporaneous order were returned to the Court as undeliverable, the District Court ordered the prior case "dismissed without prejudice to Plaintiff's right to re-open the case, provided he files a written request within thirty days of the date of this order." The District Court further provided that "[a]fter thirty days, Plaintiff will be required to file a new civil action if he wishes to pursue his claims."

Plaintiff did not receive notice of the dismissal until sometime in November 2007, after the Clerk's Office responded to a status inquiry by sending him the documents that had been returned to the Court and specifically informing him that his case had been dismissed. Plaintiff apparently responded to that notice by commencing this action in January 2008.

**II.**

Based on the language that the dismissal was "without prejudice to Plaintiff's right to re-open the case" within thirty days and the direction to thereafter "file a new civil action if he wishes to pursue his claims," it appears that the District Court intended the dismissal to be without prejudice to pursuit of the live claims at the time of dismissal.[1]

Because Plaintiff commenced the prior action in May 2005, the applicable two-year statute of limitations probably bars further litigation of his claims in this separate action. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (recognizing that a two-year statute of limitations applies to § 1983 actions in Texas). When "the statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed", the appellate courts review dismissals without prejudice under the same standards as reviewing a dismissal with prejudice. *Boazman v. Economics Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Such review is appropriate when "the applicable statute of limitations probably bars further litigation" because despite the intent for a dismissal without prejudice, the likely practical effect is a dismissal with prejudice. *Id.*

The Fifth Circuit Court of Appeals views dismissals with prejudice as "an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gray v. Fidelity Acceptance Corp.*, 634

---

[1] The Court had ruled on a number of dispositive motions which had reduced the number of defendants and claims remaining in the action.

F.2d 226, 227 (5th Cir. 1981) (per curiam). To warrant such a harsh sanction, there must be "a clear record of delay or contumacious conduct by the plaintiff" and the interests of justice must not be better served by lesser sanctions. *Id.* (citations omitted).

The record does not reflect conduct which rises to the level of delay or contumacious conduct. Although Plaintiff's prior action had progressed to a trial setting, the Court dismissed the action on September 11, 2007 because Plaintiff had failed to notify the Court of a change of address. Without knowledge that his case had been dismissed, Plaintiff filed a written request on or before November 6, 2007,[2] seeking an "update of all orders and motions." After he received the Clerk's Office response that his action had been dismissed, Plaintiff filed this action in January 2008 so as to pursue his claims consistent with the order of dismissal. Thus, within a relatively brief period of time after the Court dismissed his prior action, Plaintiff filed a document indicating his desire to proceed with the dismissed action, and within a second relatively brief time period after receiving actual notice of the dismissal, he filed the instant action. Despite Plaintiff's intent to pursue this action and the District Court's intent to permit him to do so, the circumstances essentially transform the prior dismissal into one with prejudice precluding further pursuit of the claims. While it is certainly Plaintiff's responsibility to keep the Court apprised of his current address so that the case may properly proceed, a sanction less harsh than a dismissal with prejudice would better serve the interests of justice.

---

[2] The Court received the filing on November 9, 2007. Although Plaintiff has not dated the filing, it arrived in an envelope with a postmark of November 6, 2007. Because Plaintiff filed the request as a prisoner within the Dallas County Jail, he filed it when he delivered it to jail authorities for mailing. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (recognizing that under the prison mailbox rule, an action under 42 U.S.C. § 1983 is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court); *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (recognizing that the mailbox rule generally applies to all prisoner district court filings).

The Court has the inherent authority to control its docket and the cases pending before it. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The courts are necessarily vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Under the facts of this case, the Court should exercise its inherent authority to direct the Clerk of the Court to administratively close this pro se action and reopen Plaintiff's prior action. Such course of action gives appropriate deference to the clear intent that Plaintiff be able to pursue his claims and avoids an unduly harsh and unintended sanction to the pro se Plaintiff. Nevertheless, Plaintiff is strongly admonished that, even as a pro se litigant, he has a duty to comply with the applicable federal and local rules of civil procedure and must timely apprise the Court of any change of contact information.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court direct the Clerk of the Court to administratively close this action (No. 3:08-CV-0152-L) and to re-open Plaintiff's prior action (No. 3:05-CV-1048-R).

**SIGNED this 16th day of February, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on Plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE