IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WALTER RICE, ID # 07079333**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:08-CV-0152-L** |
| | § | |
| **ROSELINE MGBAKOR**, **DR. JOE OLIVER HICKS,** and **OFFICER ANDREWS**, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is Plaintiff's Pro Se Civil Rights Complaint ("Complaint"), filed January 31, 2008. Pursuant to Special Order 3-251, the Complaint was referred to United States Magistrate Judge Irma C. Ramirez on January 31, 2008. On February 16, 2008, the Findings and Recommendation of the United States Magistrate Judge ("Report") was filed. Neither party has filed objections to the Report.

Plaintiff filed a previous civil action, 3:05-CV-1048-R, pursuant to 42 U.S.C. § 1983 (2003). On September 11, 2007, the court dismissed the action without prejudice to Plaintiff's right to reopen the case if he filed a written request within thirty days of the date of the order. The court informed Plaintiff that after thirty days, he would be required to file a new civil action to pursue his claims. Order Dismissing Case, Sept. 11, 2007. Because Plaintiff failed to inform the court of an address change, he did not receive several filings and was unaware that his case had been dismissed. The magistrate judge found that Plaintiff's actions did not rise to the level of delay or contumacious conduct and that the applicable two-year statute of limitations likely bars further litigation of his claims in a separate action. She recommended that the court exercise its inherent authority to

control its docket by directing the clerk of the court to administratively close this action and reopen Plaintiff's prior action.

Having reviewed the petition, file, record, and the Report in this case, the court determines that the findings and conclusions are correct in part. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court, except with respect to the findings and conclusions relating to the court's authority to reopen Plaintiff's prior action. The court can find no legal authority that allows it to reopen a case that is no longer pending and on another judge's docket. Given the unusual posture of the case, the court finds that the better approach is to allow this case to proceed in the same condition as was the previous case before it was dismissed.[*] The parties may raise any arguments as they deem appropriate with respect to any remaining claim or defense.

**It is so ordered** this 17th day of June, 2008.

Sam A. Lindsay
United States District Judge

---

[*]By its order issued June 2, 2006, the court dismissed with prejudice all section 1983 claims against Roseline MgBakor and Dr. Joe Oliver Hicks in their official capacities, leaving intact only Plaintiff's section 1983 claims against them in their individual capacities. This action was dismissed with prejudice as to Defendant Lupe Valdez on January 19, 2007. Accordingly, these claims are no longer before the court and are not part of this action.