# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| WALTER RICE, ID # 07079333, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:08-CV-0152-L |
| v. | § | |
| | § | ECF Case |
| ROSELINE MGBAKOR, et al., | § | |
| | § | |
| Defendants. | § | Pretrial Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's *Standing Order of Reference*, filed July 3, 2008, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and findings of fact and recommendations to the District Court on dispositive motions. On its own motion after notice to Plaintiff, the Court considers whether this action should be dismissed as it pertains to Defendant Officer Andrews ("Andrews") for the failure to serve him in accordance with Fed. R. Civ. P. 4(m). Based on the relevant filings and applicable law, the Court **RECOMMENDS** that the Court **DISMISS** this action without prejudice as it pertains to Andrews.

## I. BACKGROUND

In May 2005, Plaintiff filed Cause No. 05-CV-1048-P,[1] against Dallas County Sheriff Lupe Valdez ("Valdez") and three individuals associated with the Dallas County Jail – a Nurse Roslyn, later identified through counsel as Roseline Mgbakor ("Mgbakor"), a Dr. Oliver, later identified through counsel as Dr. Joe Hicks Oliver ("Oliver"), and an Officer Andrews ("Andrews"). Although summons was issued for Officer Andrews, it was returned unexecuted in October 2005 with the

---

[1] Although the Honorable Jerry Buchmeyer presided over the prior action, that action was recently reassigned to the Honorable Jorge Solis due to Judge Buchmeyer's inactive status. Consequently, the prior cause number now ends with a "P" rather than an "R".

notation "Unable to identify person [with] existing information", and no further action was taken by Plaintiff to have Andrews served in Plaintiff's prior action.

After Plaintiff failed to provide an address change, the Court dismissed his action on September 11, 2007. The District Court expressly ordered the case "dismissed without prejudice to Plaintiff's right to re-open the case, provided he files a written request within thirty days of the date of this order." In November 2007, after the Clerk's Office responded to a status inquiry by specifically informing him that his case had been dismissed, and Plaintiff apparently responded by filing this action.

On June 17, 2008, a clerk issued summonses for the three defendants as identified in the order to serve. On July 18, 2008, the summons for Andrews was returned unexecuted. It stated that Dallas County employed no Officer Andrews, and two record checks revealed no employment record for an Officer Andrews. Plaintiff filed a motion to indicate appropriate defendants and re-serve summons. Because the Court granted that motion in part, it issued a second order regarding service of process on August 6, 2008, wherein it directed the USM to re-serve Defendants Mgbakor and Oliver within thirty days. The Court otherwise denied the motion, including Plaintiff's request to re-serve Defendant Andrews. It now recommends that this action be dismissed without prejudice to the extent it pertains to Andrews.

## II. FAILURE TO SERVE

Rule 4(m) of the Federal Rules of Civil Procedure grants the courts discretion to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff, for failure to serve the defendant with process within 120 days of the filing of the complaint. Despite such discretion, Rule 4(m) requires the courts to "extend the time for service for an appropriate period" upon a showing of good

2

cause by the plaintiff. *See also Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (burden of showing good cause for such extension is on plaintiff). "What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). At a minimum, "the plaintiff must demonstrate . . . as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id.* (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Of course, courts retain discretion to extend the time for service even in the absence of good cause. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

**A. Special Procedure for Service in IFP Cases**

When a plaintiff proceeds IFP, "[s]pecial rules govern the procedure for service of process." *Lindsey*, 101 F.3d at 446. After an IFP plaintiff takes "reasonable steps to identify the defendant(s)", the courts issue process and direct the United States Marshal to serve defendants. *Id.* An "inmate need furnish 'no more than the information necessary to identify the defendant.'" *Antonelli v. Sheahan*, 81 F.3d 1422, 1426 (7th Cir. 1996) (quoting *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)). The USM must use due diligence in serving defendants on behalf of an IFP plaintiff, and if a provided business address is insufficient for service upon a prison employee, due diligence requires the USM to search for "personal addresses for the defendants and serve the individuals at those addresses." *Ellibee v. Leonard*, 226 Fed. App'x 351, 359 (5th Cir. 2007) (per curiam). In other words, the USM must make "reasonable efforts" to obtain new addresses for defendants who worked in the prison system during the time-period relevant to the litigation, but who have subsequently changed jobs. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (cited with approval in *Walker v. Navarro County Jail*, No. 3:91-CV-1690-D, 1997 WL 42523, at *2-3

3

(N.D. Tex. Jan. 24, 1997)).

In the IFP context, good cause essentially boils down to whether the failure to properly serve the defendants is attributable to dilatoriness or fault of the plaintiff or whether fault lies elsewhere. *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). IFP plaintiffs are "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Id.* When the USM "fails to serve a properly addressed summons to a defendant," good cause generally exists for extending the time for service. *See Cornish v. Tex. Bd. of Crim. Justice Office of the Inspector Gen.*, 141 Fed. App'x 298, 301 (5th Cir. 2005); *cf. Lindsey*, 101 F.3d at 447 (good cause may exist when the "failure to properly serve a defendant is attributable to government personnel who have improperly performed their duties").

In this case, the record reflects due diligence by the USM in attempting to serve Andrews. The return indicates that the USM attempted to serve him but was unable to identify him. After the second summons was issued, the USM determined that Dallas County employed no Officer Andrews, and it made two subsequent record checks that revealed no employment record for an Officer Andrews.

**B. Inaction by Plaintiff**

The "dilatoriness or fault" of the plaintiff impacts good cause and whether a failure to serve is attributable to government personnel. *See Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 447 (5th Cir. 1996) (recognizing that). While reasonable reliance on the USM is warranted, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects

4

of which a plaintiff has knowledge." *Rochon*, 828 F.2d at 1110;[2] *accord Ellibee*, 226 Fed. App'x at 358 (once an IFP plaintiff "is aware of possible defects in service of process, he must attempt to remedy them"). For example, good cause is not shown when the plaintiff does nothing after the court notes in ruling on a pre-trial motion that one defendant had not been served. *See Lindsey*, 101 F.3d at 446-47. When an IFP plaintiff does nothing for a few months after learning that a defendant had not been served, a court may properly find the plaintiff dilatory and at fault for insufficient service. *Rochon*, 828 F.2d at 1110.

As found in the Order dated August 6, 2008, Plaintiff has shown no good cause to further extend the time for serving Officer Andrews. Andrews remained unserved for nearly two years in Plaintiff's prior action without Plaintiff taking any action to have him served. The Court has permitted Plaintiff to proceed with this action as it existed prior to dismissal of Plaintiff's prior action, including the approximate two-year period of inactivity regarding service on Andrews. Although Plaintiff provided additional information regarding Defendant Andrews in his motion to re-serve him, such information is too little too late. It is unlikely that the additional information – identifying Andrews as a Deputy instead of an Officer – would alter the USM's ability to serve him. The failure to timely serve Andrews is attributable to Plaintiff's dilatory conduct in taking no action for nearly two years in the prior action and in providing insufficient information to properly identify Defendant Andrews in both actions. Because Plaintiff has shown no good cause to extend the time period for serving Defendant Andrews, the Court should dismiss this action against Andrews without prejudice.

---

[2] While recognizing that "*Rochon* did not involve the good cause provision of Rule 4," *Lindsey* found the case "illustrative" and its holding consistent "with the view . . . that good cause is shown when in forma pauperis plaintiffs' failure to properly serve a defendant is attributable to government personnel who have improperly performed their duties." *See* 101 F.3d at 447.

## III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that all claims and causes of action asserted against Officer Andrews be **DISMISSED** without prejudice.

**SO RECOMMENDED** on this 8th day of August, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE